IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLIFFORD K. IBIRITHI, | § | |
| | § | |
| | § | |
| Defendant Below- | § | No. 683, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID1407015460 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 1, 2016
Decided: April 5, 2016

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

**O R D E R**

This 5th day of April 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Clifford Ibirithi, filed this appeal from the Superior Court's order, dated November 19, 2015, sentencing him for a violation of probation ("VOP"). Ibirithi's sole claim on appeal is that the Superior Court lacked jurisdiction to adjudicate a VOP charge against him because he had completed his term of probation before he was charged with a VOP. The State has moved to affirm the Superior Court's judgment on the

ground that it is manifest on the face of Ibirithi's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Ibirithi pled guilty on January 5, 2015 to one count of DUI. The Superior Court immediately sentenced him, effective October 14, 2014, to five years at Level V imprisonment to be suspended after serving six months in prison for one year at Level III probation. On October 2, 2015, Ibirithi was arrested for crimes that had been committed on September 25, 2015. As a result of that arrest, Ibirithi pled guilty to shoplifting on October 9, 2015. On October 12, 2015, the Department of Correction filed a VOP report based on Ibirithi's new criminal charges. On November 19, 2015, the Superior Court found Ibirithi in violation of the terms of his previously imposed probation and sentenced him to four years and six months as Level V incarceration, to be suspended after serving one year in prison for six months at Level IV work release with no further probation to follow. Ibirithi appeals this sentence.

(3) In his opening brief on appeal, Ibirithi asserts that he was released from prison on March 13, 2015 to begin serving a six-month term of probation that was to end on September 13, 2015. Ibirithi contends that he successfully completed the probation associated with his DUI sentence on September 13, 2015 and that the Superior Court thus had no jurisdiction to

2

sentence him for a VOP that arose from the new charges he incurred after he had completed his probation.

(4) In response, the State asserts that the factual premise of Ibirithi's argument is incorrect. The State points out that the Superior Court sentenced Ibirithi on his DUI conviction to serve six months in prison followed by one year at Level III probation, not six months probation, as Ibirithi contends. Ibirithi thus was still on probation in October 2015 when he was charged with the VOP arising from his shoplifting offense.

(5) The record supports the State's assertion, and Ibirithi has offered no argument suggesting that he had been released early from his one-year probationary term. Under the circumstances, there is no factual basis for Ibirithi's contention that the Superior Court lacked jurisdiction to sentence him for a VOP. Moreover, given Ibirithi's October 2015 guilty plea to shoplifting, there was sufficient evidence to support a finding that Ibirithi committed a VOP.[1] Furthermore, the Superior Court's VOP sentence was legal.[2]

---

[1] *DeJesus v. State*, 977 A.2d 797, 799 (Del. 2009) (defendant's guilty plea supported VOP finding).

[2] *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (holding that, upon finding a VOP, the Superior Court may require a defendant to serve any time remaining to be served from the defendant's original sentence or any lesser sentence).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice